E-FILED
Tuesday, 04 October, 2016 11:20:36 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDUARDO HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-1372 |
| vs. ) | |
| ) | |
| PONTIAC CORRECTIONAL FACILITY ) | |
| INTERNAL AFFAIRS OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

This matter is now before the Court on Plaintiff, Eduardo Hernandez' ("Hernandez"), Emergency Motion for Restraining Order/Injunction. For the reasons set forth below, the Motion [1] is DENIED, and this action is now DISMISSED.

### BACKGROUND

Hernandez is currently incarcerated at Pontiac Correctional Center. He brought this action seeking emergency injunctive relief to protect him from what he claims to be a transfer to another institution in retaliation for a grievance that he filed seeking redress for having been unjustly confined in disciplinary segregation without just cause.

On August 9, 2016, Hernandez alleges that he was interviewed by Internal Affairs officials. Following the interview, Lt. Forbes told him that he was tired of receiving phone calls from informants saying that Hernandez and fellow inmate Jaime Cornejo were not getting along. Lt. Forbes advised that if he received one more call about this, both Hernandez and Cornejo would be placed in segregation and transferred to another facility. On August 10, 2016, Hernandez and Cornejo were both placed in administrative segregation. On the way to

segregation, Lt. Forbes told Hernandez that the move was because of what he told Hernandez the day before, and Officer Buford told him that he was going to be transferred out. Hernandez was released from segregation on September 9, 2016, without any charges being brought against him. On September 13, 2016, Hernandez filed a grievance regarding what he claims to have been his unlawful and unwarranted placement in segregation.

On October 1, 2016, Hernandez learned that he was being transferred from Pontiac to another institution on October 5, 2016. He brought this action seeking an emergency restraining order to prevent his transfer, as he claims that his transfer is solely in retaliation for filing his grievance. This Order follows.

## DISCUSSION

A temporary restraining order ("TRO") is an emergency remedy issued to maintain the status quo until a hearing can be held on an application for a preliminary injunction. Coca-Cola Co. v. Alma-Leo U.S.A., Inc., 719 F.Supp. 725, 726 (N.D.Ill. 1989). The purpose of a TRO, similar to that of a preliminary injunction, is to minimize the hardship to the parties pending the ultimate resolution of the suit. Faheem-El v. Klincar, 841 F.2d 712, 717 (7th Cir. 1988). The standards for a TRO and a preliminary injunction are functionally identical. Bernina of America, Inc. v. Fashion Fabrics International, 2001 WL 128164, at * 1 (N.D.Ill. Feb. 9, 2001).

Injunctive relief, including the entry of a TRO, is warranted if the movant can make a threshold showing: (1) that the movant has some likelihood of success on the merits of the underlying litigation; (2) that no adequate remedy at law exists; and (3) that the movant will suffer irreparable harm if the injunction is not granted. Ty, Inc. v. Jones Group, 237 F.3d 891, 895 (7th Cir. 2001); Judge v. Quinn, 612 F.3d 537, 546 (7th Cir. 2010); Wisconsin Right to Life,

Inc. v. Barland, 751 F.3d 804, 830 (7th Cir. 2014).  If these conditions are met, then the Court must balance the harm to the movant if the injunction is not issued against the harm to the defendant if it is issued improvidently and consider the interest of the public in whether the injunction is to be granted or denied.  Id.; *see also,* Duct-O-Wire Co. v. U.S. Crane, Inc., 31 F.3d 506, 509 (7th Cir. 1994); Storck USA, L.P. v. Farley Candy Co., 14 F.3d 311, 314-15 (7th Cir. 1994); Abbott Laboratories v. Mead Johnson & Co., 971 F.2d 6, 11-12 (7th Cir. 1992).  The Court then sits as a court of equity, weighing all these factors and employing a sliding-scale approach.  Id.  That is, the more likely the plaintiff's chance of success on the merits, the less the balance of harms need weigh in its favor." Id.

One additional principle guides the Court's analysis in a the specific context of a prisoner's motion for preliminary injunction. A section of the PLRA entitled "Requirements for Relief," provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further
> than necessary to correct the harm the court finds requires preliminary
> relief, and be the least intrusive means necessary to correct that harm.
> The court shall give substantial weight to any adverse impact on public
> safety or the operation of a criminal justice system caused by the preliminary
> relief....

18 U.S.C.§3626(a)(2).  This acknowledges that "prison officials have broad administrative and discretionary authority over the institutions they manage." Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012).

To have some likelihood of success on the merits, Hernandez must show that his transfer is based solely on the filing of his grievance.  However, his own recitation of the facts indicates that Hernandez was told at least twice before he filed the grievance that he was going to be

transferred because of his perceived inability to get along with Cornejo. The fact that the transfer was not implemented until after he filed his grievance does not change the basic fact that his transfer was being discussed more than a month before his grievance was filed.

Moreover, Hernandez has no protectable liberty interest in not being transferred to another prison. Zimmerman v. Tribble, 226 F.3d 568, 572 (7th Cir. 2000). And while it is well settled that a prison official may not retaliate against an inmate for filing a grievance, there is an administrative process for bringing such a claim, followed by the right to bring that exhausted claim in federal court. Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002); Russell v. Washington, 52 Fed.Appx. 862, 865 (7th Cir. 2002); Johnson v. Litscher, 260 F.3d 826, 828 (7th Cir. 2001). Claims of retaliation for the exercise of First Amendment rights are no exception to this process; exhaustion is mandatory. Id., *citing* Smith v. Zachary, 255 F.3d 446, 450 (7th Cir. 2001); Porter v. Nussle, 122 S.Ct. 983, 987-989 (2002). *See also,* Booth v. Churner, 531 U.S. 956 (2001) (holding that prisoners must exhaust administrative remedies, even when the particular remedy sought cannot be obtained through the prison grievance system.)

On the record in this case, the Court cannot find that Hernandez has a likelihood of success on the merits, as no injunction could enter that would not run afoul of the PLRA's requirement of narrow, focused, least intrusive relief. Nor has he shown a likelihood that the transfer was set in motion as retaliation for filing his grievance or lack of an adequate remedy at law as set forth in the cases cited above.

Having found no likelihood of success on the merits at this time or lack of an adequate remedy at law, the Court need not address the remaining factors of the test. Hernandez is not entitled to the emergency injunctive relief requested, and his motion seeking such relief is denied.

Additionally, as this emergency injunctive relief is the only relief sought in Hernandez' filing, and he has not exhausted his available administrative remedies, this ruling essentially results in the dismissal of this action, as well.

## CONCLUSION

For the reasons set forth above, Hernandez' Emergency Motion for Restraining Order/Injunction [1] is DENIED. This action is DISMISSED as premature. As Defendants have not been served, a copy of Hernandez' filing and this Order shall also be sent to the Warden at Pontiac Correctional Center.

ENTERED this 4th day of October, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge